# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK JAMES CAPOZZI** | : | |
| | : | **CIVIL ACTION NO. 3:17-2152** |
| **Plaintiff** | : | |
| | : | **(MANNION, D.J.)** |
| **v.** | : | **(CARLSON, M.J.)** |
| | : | |
| **PENNSYLVANIA** | : | |
| **UNEMPLOYMENT** | : | |
| **COMPENSATION BOARD** | : | |
| **OF REVIEW**, *et al.* | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Presently before the court is the November 29, 2017 Report and Recommendation ("Report") of U.S. Magistrate Judge Martin C. Carlson. (Doc. 5). In his Report, Judge Carlson recommends that the plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), be conditionally granted and that his complaint, (Doc. 1), be dismissed. On December 13, 2017, the plaintiff filed timely objections to Judge Carlson's Report. (Doc. 8). For the following reasons, the Report will be **ADOPTED IN ITS ENTIRETY**, and the plaintiff's complaint will be **DISMISSED**.

Frank James Capozzi, a prisoner currently housed at the Lackawanna County Prison and awaiting trial on federal charges, filed the above-captioned *pro se* complaint under the Fourteenth Amendment to the U.S. Constitution.

(Doc. 1). The two named defendants in this case are the Pennsylvania Unemployment Compensation Board of Review ("UCBR") and Bonnie Haas, an Audit and Investigative Specialist for the Pennsylvania Department of Labor and Industry ("DLI"). (*Id.*). Capozzi's complaint details a history of state court and state administrative agency proceedings arising from certain unemployment compensation disputes. (*Id.*). Alleging that the outcome of this state litigation, which proceeded all the way to the Pennsylvania Supreme Court, violated his constitutional rights, Capozzi has now filed a complaint in this court, requesting that this court reverse the state court and agency decisions against him. (*Id.*). After filing his complaint, Capozzi submitted an application for leave to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 2).

This case arises from state court litigation that apparently concluded in a way that has left Capozzi dissatisfied, as he now turns to the federal district court to review this state court outcome. (Doc. 5). Judge Carlson's Report appropriately points out that (1) the *Rooker-Feldman* doctrine compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions; (2) relitigating a state court action is further prohibited under issue preclusion principles; and (3) to the extent that Capozzi seeks to sue the UCBR, a state administrative agency, his claims run

afoul of Eleventh Amendment sovereign immunity principles. (*Id.*). While Judge Carlson "recognize[s] that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before [it] is dismissed in its entirety . . . unless [it] would be futile or result in undue delay . . . [i]n this case . . . Capozzi simply is not entitled to the relief he apparently seeks," which is "an order setting aside a state court decision in a state unemployment compensation case." (*Id.*). "[S]ince Capozzi is not entitled to use a federal district court as a state appellate tribunal . . . granting further leave to amend his complaint would be futile or result in undue delay." (*Id.*). Judge Carlson thus recommended dismissing this case without further leave to amend. (*Id.*).

When objections are timely filed to the Report and Recommendation of a magistrate judge, the district court reviews *de novo* those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the magistrate judge's recommendations to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the Report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also* *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every Report and Recommendation). Nonetheless, regardless of whether or not timely objections are made to the Report, the district court may accept, not accept, or modify in whole or in part the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

Since Capozzi here proceeds *pro se*, his pleading is liberally construed, and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must accept all factual allegations in the complaint as true and view them in the light most favorable to the *pro se* plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). However, the court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous or malicious, that fail to state a claim on which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2).

"[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff

"complain[s] of injuries caused by [the] state court judgments;" (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The first and third requirements for the *Rooker-Feldman* doctrine to apply are clearly satisfied in this case, as Capozzi lost his appeal in the Pennsylvania court system and subsequently filed the instant federal suit. (Doc. 1; Doc. 5).

Capozzi's objections to Judge Carlson's Report focus more on the second and fourth requirements set forth above, as Capozzi challenges the notion that he is inviting appellate review of a state court decision. (Doc. 8). Specifically, Capozzi insists that he "is not appe[a]ling to the United States District Court, but rather raising his issues to seek a *de novo* review of the injuries caused by the decision-making of the DLI and UCBR." (*Id.*). Capozzi further claims that Judge Carlson's Report "focuses upon Capozzi's alleged use of the federal court system [for] . . . appellate review of the state court's decisions, which is erroneous in nature, as Capozzi attacks the . . . violations of his constitutional rights at every stage of the review and determination of the DLI and UCBR." (*Id.*). Capozzi's objections on this point, however, draw a

distinction without a difference, as *de novo* review is merely a standard of appellate review. (*Id.*). Indeed, the very injuries that Capozzi articulates in his complaint are those caused by the denial of his unemployment benefits by the state court and state administrative agency. (Doc. 1). Capozzi asserts very clearly under a heading in his complaint entitled "[r]elief [s]ought" that he wishes for the court to "grant favorable judgment to plaintiff and [o]rder the UCBR to reverse [its] decision." (*Id.*). Capozzi thus fulfills the *Rooker-Feldman* doctrine's "key requirements—that the injury must be caused by the state court judgment and that the plaintiff must invite review and rejection of that judgment." *Fox Rothschild LLP*, 615 F.3d at 168.

Finally, Capozzi objects to Judge Carlson's opinion on the Eleventh Amendment sovereign immunity issue, citing to *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), for the proposition that "Congress has the plenary power to set aside [a] state's immunity . . . in order to enforce the Fourteenth Amendment." (Doc. 8). While this statement is quite true in isolation as a general matter of legal theory, Capozzi has not cited to a single (nor is the court aware of any) act of Congress that abrogates the Commonwealth of Pennsylvania's sovereign immunity in this specific instance such that it would allow Capozzi's current suit against the UCBR to proceed forward. (*Id.*). A federal court must "rel[y] on a statutory mandate" before "treating the state just as any other

- 6 -

litigant." *Hutto v. Finney*, 437 U.S. 678, 696 (1978) (citing *Fairmont Creamery Co. v. Minnesota*, 275 U.S. 70, 77 (1927)).

Even when liberally construed, Capozzi's pleadings and his objections to Judge Carlson's Report present no sufficient basis for permitting his claims to move forward, and the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his Report. Finding no clear error on the face of the record, the court will adopt the Report in its entirety, conditionally grant Capozzi's application to proceed *in forma pauperis*, and dismiss Capozzi's complaint. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 20, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2152-01.docx